UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-80054-Middlebrooks/Matthewman

UNITED STATES OF AMERICA,

v.

JASON EDWARD LOPEZ,

    Defendant.
_____/

FILED BY KJZ D.C.

Jul 14, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## FOLLOWING CHANGE OF PLEA HEARING

THIS CAUSE is before the Court upon Order of Reference from the Honorable United States District Judge Donald M. Middlebrooks, DE 30, and the consent of the parties for a United States Magistrate Judge to conduct the change of plea hearing and accept a guilty plea for Defendant, Jason Edward Lopez ("Defendant"). The Court held a change of plea hearing in open Court on July 14, 2022, which was attended by Defendant, his counsel, M. Caroline McCrae, Esq., and Trial Attorney Reginald Cuyler, Jr., Esq., United States Department of Justice, on behalf of the Government. The Court hereby advises, finds and recommends as follows:

The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case. The Court also advised Defendant that the undersigned U.S. Magistrate Judge was conducting the change of plea hearing and taking Defendant's plea of guilty by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and the DOJ Trial Attorney assigned to this case. The Court further advised Defendant that his sentence would be imposed by the presiding U.S. District Judge,

who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

1. The Court advised Defendant that he did not have to consent to the undersigned conducting this hearing or taking his guilty plea and could require that the change of plea hearing be conducted by the U.S. District Judge. Defendant, Defendant's attorney, and the DOJ Trial Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing and taking Defendant's guilty plea.

2. The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

3. No written plea agreement or written factual proffer agreement has been entered into by the parties in this case. Instead, Defendant plead guilty to all 10 counts in the Indictment.

4. Defendant acknowledged that he was fully satisfied with the services of his attorney M. Caroline McCrae, and that he had full opportunity to discuss all facets of his case with his attorney.

5. Defendant knowingly and voluntarily with the advice of competent counsel pled guilty to Counts One though Ten of the Indictment. Count One charges Defendant with conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C § 1349. [DE 1]. Counts Two, Three, Four, and Five charge Defendant with health care fraud, in violation of 18 U.S.C. § 1347. [DE 1]. Count Six charges Defendant with conspiracy to defraud the United States and pay health care kickbacks, in violation of 18 U.S.C. § 371. Counts Seven, Eight, and Nine charge Defendant with payment of kickbacks in connection with a federal health care

program, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A). Count Ten charges Defendant with wire fraud, in violation of 18 U.S.C. § 1343.

6.  There is no written factual proffer agreement in this case. However, in open court at the change of plea hearing, the Government prosecutor, DOJ Trial Attorney Reginald Cuyler, Jr., announced the essential elements of the ten offenses in the Indictment to which the Defendant is pleading guilty, and the Defendant stated that he understood all of the essential elements for each of those ten offenses. Further, in open court at the plea hearing, defense counsel M. Caroline McCrae recited on the record an oral factual proffer, which the Government prosecutor, Mr. Cuyler, adopted and approved on behalf of the Government.[1] Defendant also acknowledged that the oral proffer was true and correct. This oral factual proffer included the factual support for the ten offenses to which Defendant pled guilty. The oral proffer recited by defense counsel and agreed to by the DOJ Trial Attorney did not, however, contain any agreement or proffer as to the amount of loss in this case as the parties dispute the amount of loss applicable to this case. Accordingly, at the time of sentencing, the amount of loss will be a disputed issued to be resolved by the Court, and the parties intend to present to the Court their respective positions on the amount of loss at the time of sentencing.

7.  Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the undersigned

---

[1] The Government accepted the factual proffer as true and correct but reserved the right to argue the full loss amount at sentencing.

FINDS and RECOMMENDS that Defendant, Jason Edward Lopez, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to all counts of the Indictment, (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offenses, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter. Sentencing is currently set for September 21, 2022, at 11:00 a.m. before the Honorable Donald M. Middlebrooks, U.S. District Judge.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

DONE AND RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 14th day of July, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge